**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elizabeth A. Hayes, | NO. C 04-02991 JW |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| JoAnne Barnhart, Commissioner, Social Security Administration, | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Elizabeth A. Hayes, brings this action pursuant to Section 205(g) and 1383(c)(3) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Commissioner of Social Security that she does not qualify for disability insurance benefits under Title II of the Social Security Act for the period of July 13, 1996 to April 15, 2000. The matter has been submitted for decision on cross-motions for summary judgment. The Court read and considered all papers submitted by the parties. The Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff, Ms. Hayes was born on April 15, 1945. She has a twelfth grade education and had

worked on an assembly line for the preparation and packaging of frozen foods. Ms. Hayes worked in the food preparation and packaging industry for twenty-seven years prior to leaving due to back pain. Ms. Hayes was first treated for back pain in 1990 when she was restricted from work for a short period. Physical therapy was employed and Ms. Hayes soon returned to work. On January 25, 1993, Ms. Hayes injured her back while repeatedly lifting fifty pound barrels of frozen waffles at Kellogg Foods. Ms. Hayes was again treated with physical therapy and returned to work. Plaintiff's pain grew increasingly worse and she alleged that she has been unable to work since April 1994 due to lower back pain and degenerative disc disease.

Plaintiff was treated by doctors at Kaiser medical group and seen by various physicians as a result of her workers compensation and disability claims. On July 6, 1994, Plaintiff was diagnosed with mechanical lower back pain and was restricted to light work indefinitely (Tr. 277). Subsequent medical examinations found that the Plaintiff has slightly restricted range of motion in her back with associated pain (Jan 26, 1998, Tr.290), that she "takes very little medication for pain. . .[and] needed no BP [back-pain] treatment at this time" (May 25 1999, Tr.332), that her back condition was controllable (Feb. 2 2000, Tr. 330), that she can lift and carry 20-30 pounds occasionally and 10-15 pounds frequently and can stand, walk and sit for a full workday [with changing body] positions periodically (Oct. 19 2001, Tr. 316), and that her pain medication was working well (Apr. 2, 2001, Tr. 325).

Plaintiff filed her first application for disability insurance benefits and supplemental security income (SSI) benefits based on disability under Title II and XVI of the Social Security act on September 28, 1994. Plaintiff's claims were denied at initial and reconsideration administrative levels. Plaintiff filed a request for a hearing before an administrative law judge (ALJ) on March 9, 1995. ALJ Patrick Maloney denied Plaintiff's application on July 12, 1996, finding that Plaintiff could perform a full range of light work and that she was not disabled. The Appeals Council denied Plaintiff's request for review on June 9, 1997 (Tr. 89-101). As the Plaintiff did not request further review, the denial of her claim became final and binding (Tr. 15).

1  Plaintiff filed her second application for disability on May 21, 1997 (TR. 150-152) alleging
2  disability since April 7, 1994.  As the previous decision was administratively final, Plaintiff's
3  earliest date for consideration was July 13, 1996.   Plaintiff's second application was denied
4  initially and upon reconsideration by the Social Security Administration.  ALJ Frederick Michaud
5  also denied Plaintiff's application on January 28, 1999 finding that she could lift and carry up to 20
6  pounds given certain restrictions on prolonged sitting and standing and repetitive bending and or
7  stooping (Tr. 124-134).  Subsequent review by the Appeals Counsel vacated ALJ Michaud's
8  decision on March 5, 2001, remanding the case for further proceedings with a vocational expert
9  (Tr. 144-146).

10  On February 28, 2002, Plaintiff, her counsel, and a vocational expert appeared at a hearing
11  before ALJ Brenton Rogozen.  On March 19, 2002, ALJ Rogozen found that Plaintiff met the
12  conditions requisite for disability requirements using the Medical Vocational Guidelines 20 CFR
13  404.1501 App.2, otherwise known as "the grids,"  for individuals aged fifty-five years of age and
14  older, but that she was not entitled to such benefits prior to her 55th birthday, April 15, 2000 (Tr.
15  15-20).   The ALJ did not, however find that Plaintiff was disabled for the period of July 13, 1996
16  to April 14, 2000 ("the period") as her capacity for modest demands of light work had not been
17  significantly compromised.  On May 27, 2004, Commissioner of the Appeal Council declined
18  review of the ALJ's March 19, 2002 decision and the decision became final.

19  Plaintiff now requests the Court reverse the finding of the ALJ and find that Plaintiff was
20  disabled for the period of July 13, 1996 to April 14, 2000 under 42 U.S.C. §§ 405(g) and
21  1383(c)(3).

## III.  LEGAL STANDARDS

23  To be eligible for Social Security disability benefits, the claimant must be disabled.  "A
24  claimant bears the burden of proving that an impairment is disabling."  Miller v. Heckler, 770 F.2d
25  845, 849 (9th Cir. 1985).  Disability is defined as "inability to engage in any substantial gainful
26  activity by reason of any medically determinable physical or mental impairment which can be

3

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  An "impairment" for purposes of this definition "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  In addition, a person is disabled only if the impairment is so severe as to preclude not only performance of his previous work, but also, considering his age, education and work experience, performance of "any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Court's review of the Administrative Law Judge's decision is limited.  The Secretary's determination denying benefits will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g), and if the Secretary applied the proper legal standards. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983).  When the proper legal standards are not applied by the ALJ in weighing the evidence and reaching a decision, the decision should be set aside, even if the findings are supported by substantial evidence.  Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978); Lebus v. Harris, 526 F. Supp. 56, 59 (9th Cir. 1981).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993); Walker v. Matthews, 546 F.2d 814, 818 (9th Cir. 1976).  The reviewing court must "look to the record as a whole and not merely at the evidence lending support to a finding."  Cox v. Califano, 587 F.2d 988, 989-90 (9th Cir. 1978) quoting Walker v. Matthews, 546 F.2d at 818; see also Desrosiers v. Sec. of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988).  The court cannot substitute its own conclusion for that of the ALJ if there is sufficient evidence to support the ALJ's outcome.  Young v. Sullivan, 911 F.2d 180, 184 (9th Cir. 1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985).

When a claimant gives testimony regarding subjective pain, the ALJ must analyze several possible bases for discounting or affirming subjective allegations of pain made by the claimant.  20

C.F.R. §§404.1529 and 416.929. The ALJ must consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §404.1529(a). "Objective medical evidence" is defined in this section as medical signs and laboratory findings. "Other evidence" includes statements from the claimant, statements or records of the treating physician or psychologist and others about the claimant's medical situation, diagnosis, daily activities, efforts the claimant has made to work, and other evidence about how the claimant's impairment affects his or her ability to work. The claimant must show that the objective medical evidence and other evidence demonstrate that he or she has a medical impairment(s) "which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence ... would lead to a conclusion that [the claimant] is disabled." 20 C.F.R. §404.1529(a).

If a claimant meets the threshold requirement of producing objective medical evidence of an impairment that could produce the alleged symptoms to some degree, and there is no evidence of malingering, an ALJ's rejection of subjective pain testimony must be supported by clear and convincing evidence. Swenson v. Sullivan, 876 F.2d 683, 687-688 (9th Cir. 1989). Furthermore, an independent medical advisor's opinion can serve as support for an ALJ decision to deny a finding of disability. Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989). Finally, resolution of conflicts in the evidence and testimony is a function solely for the ALJ. Id. at 750.

Often no one ailment causes the alleged disability, but rather a collection of ailments work together to create one. The ALJ must consider the combined impact of conditions which, although not independently severe enough to cause disability, act in concert to create disability. See Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir. 1987) (discussing the need to consider the impact of evidence of mental impairment, even if alone insufficient to create a disability, in combination with physical ailments).

//

## IV. DISCUSSION

On March 19, 2002 ALJ Brenton Rogezen found that the Plaintiff met the conditions requisite for disability requirements using the Medical Vocational Guidelines 20 CFR 404.1501 App.2, otherwise known as "the grids," for individuals aged fifty-five years of age and older, but that she was not entitled to such benefits prior to her 55th birthday, April 15, 2000. In denying Plaintiff's claim for the period of July 13, 1996 to April 14, 2000 ("the period") the ALJ found that Plaintiff's capacity for the modest demand of light work had not been significantly compromised. On May 27, 2004, Commissioner of the Appeal Council declined review of the ALJ's March 19, 2002 decision and the decision became final.

Based on the evidentiary record, Plaintiff argues that substantial evidence does not support the ALJ's decision. Plaintiff cites limited portions of medical examination reports to support her position that her back ailments prevented her from effectively obtaining work during the period. The Court disagrees with Plaintiff. The Court cannot substitute its own conclusion for that of the ALJ if there is sufficient evidence to support the ALJ's outcome. Young v. Sullivan, 911 F.2d 180, 184 (9th Cir. 1990).

The substantial weight of the evidence shows that Plaintiff's condition did not warrant disability for the period of July 13, 1996 to April 15, 2000. The reports cited provide that while the Plaintiff apparently suffers from back pain (chronic back pain, doing well 328, back pain controllable 330), she was, in the view of treating physicians, capable of performing light work. In January 1998, Plaintiff was examined by Dr. Tran who found that she can lift up to 25 lbs of weight as needed . . .[and] can [sit], stand and walk up to 6 hours a day in an 8 hour day, recommending that Plaintiff rest 10 minutes of each hour and change position 2-3 times (Tr. 288-290). Similarly, in Oct 2001 after the period in question Plaintiff was believed capable of lifting 20-30 lbs occasionally, 10-15 lbs frequently and "can sit, stand, and walk for a full workday but may need to change positions periodically." (Tr. 313-320). During an examination in May 25, 1999, a physician noted that Plaintiff "needed no BP [back pain] treatment at this time" (Tr. 332). The vocational expert identified specific jobs that Plaintiff could perform if limited to appropriate light work and

estimated that approximately 180,000 such jobs existed in California (Tr. 79-81).  The Court adopts the reasoned finding of the ALJ that Plaintiff was not disabled. 20 C.F.R. 404.1520.

### V.   CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence.  The Court will not disturb the findings of the ALJ.  Accordingly, Plaintiff's Motion for Summary Judgment is hereby DENIED.  Defendant's Motion for Summary Judgment is hereby GRANTED.

Dated: October 5, 2005                                  /s/James Ware
04cv2991socialsecurity                                  JAMES WARE
                                                        United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dennis Mulshine dennis.mulshine@ssa.gov
Harvey Peter Sackett hps@hpspc.com
Sara Winslow sara.winslow@usdoj.gov

**Dated: October 6, 2005**                    Richard W. Wieking, Clerk

                                                                     **By:  /s/JW Chambers**
                                                                          **Ronald L. Davis**
                                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California